**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FARRELL WAYNE CROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:19 CV 3194 MTS |
| ) | |
| EILEEN RAMEY, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon Petitioner Farrell Cross's motion for relief, Doc. [20], motion for production of documents, Doc. [21], motion for appointment of counsel and evidentiary hearing, Doc. [34], and motion to appoint counsel, Doc. [37]. All the motions listed above will be DENIED.

Petitioner's motions for appointment of counsel, Docs. [34] and [37], will be denied. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim … and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting

testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). After reviewing the factors, this Court finds that appointment of counsel is not warranted at this time. Petitioner has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex. The Court will entertain future motions for appointment of counsel as the case progresses.

As for Petitioner's motion for relief, Doc. [20], the motion is nothing upon which relief may be granted. The motion for relief will be denied.

As for Petitioner's motion for production of documents, Doc. [21], to the extent this Court can discern the documents Petitioner is requesting, it appears such documents are: already filed as an exhibit to Petitioner's Motion for Habeas Corpus; included in Doc. [16] and the attached exhibits;[1] or are not a part of the record in this matter whatsoever. Regardless, Petitioner has not complied with Rule 6 that governs cases brought under 28 U.S.C. § 2254. Under Rule 6, the district court may authorize a party to conduct discovery if two conditions are met. First, the movant must demonstrate good cause, which requires a showing "that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to [ ] relief." *Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009). Second, the movant must provide reasons for the request and specify any requested documents. Rule 6(b), Rules Governing Section 2254 Proceedings. Here, Petitioner has not requested any specific documents other than those listed above, which are already in the record. Petitioner's motion for productions of documents will be denied.

---

[1] Doc. [16] contains the entire record of both Petitioner's state direct appeal, ED 102010, and his state post-conviction appeal, ED 106716.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motions for appointment of counsel, Doc. [34] and Doc. [37], motion for relief, Doc. [20], and motion for production of documents, Doc. [21], are **DENIED**.

Dated this 5th day of March, 2021

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE